# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
April 14, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**EQT CORPORATION,**
**Employer Below, Petitioner**

**vs.)    No. 12-1300** (BOR Appeal No. 2047291)
(Claim No. 2011025210)

**EUGENE SMITH,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner EQT Corporation, by Bradley A. Crouser, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Eugene Smith, by Reginald D. Henry and Rodney A. Skeens, his attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 26, 2012, in which the Board affirmed a June 4, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's November 17, 2011, decision denying authorization for a cervical spine MRI without contrast and a nuclear medicine whole body scan with cervical specs. The Office of Judges authorized the requested diagnostic testing. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Smith worked as a technician for EQT Corporation. On January 13, 2011, Mr. Smith struck his head on a pipe injuring his shoulder, neck, and arm. The claims administrator held the claim compensable for a sprain of the neck, of other specified sites of the shoulder, and of the upper arm. The claims administrator, however, specifically excluded unspecified backache as a compensable condition of the claim. An MRI was then taken of Mr. Smith's cervical spine which suggested a possible bone contusion and degenerative disease at C6-7 and C7-T1. The MRI

showed no evidence of herniated disc or traumatic subluxation. John H. Schmidt III, M.D., then reviewed the MRI scan and found that the claimant had a bony contusion and possible mild compression fractures of the cervical spine. Mr. Smith then came under the care of Rajesh V. Patel, M.D., who requested a second cervical spine MRI and a bone scan in order to evaluate Mr. Smith for surgery. Prasadarao B. Mukkamala, M.D., reviewed Dr. Patel's request and recommended against authorizing the scans. He found that the compensable injury involved soft tissue sprains of the neck and shoulder. He concluded that Mr. Smith's current health problems were related to degenerative changes and not to his occupational injury. On November 17, 2011, the claims administrator denied a request for a cervical MRI and nuclear medicine whole body scan based on Dr. Mukkamala's report. Dr. Patel then submitted a report disagreeing with Dr. Mukkamala's conclusions. Dr. Patel stated that Mr. Smith had active radiculopathy at C5-6, which needed to be resolved. Dr. Patel noted that Mr. Smith was asymptomatic for neck pain prior to his compensable injury and related the requested tests to his compensable injury. Dr. Patel stated that the MRI would be helpful in evaluating the extent of Mr. Smith's bony contusion and the bone scan would narrow down the areas of his cervical spine that would need to be surgically repaired. On June 4, 2012, the Office of Judges reversed the claims administrator's decision and authorized the cervical MRI and whole body bone scan. The Board of Review then affirmed the Order of the Office of Judges on October 26, 2012, leading EQT Corporation to appeal.

The Office of Judges concluded that Mr. Smith showed that the requested MRI of his cervical spine and the whole body bone scan were medically related and reasonably required for treatment of his compensable injury. The Office of Judges based its decision on the opinion of Dr. Patel, Mr. Smith's treating physician, which it found to be more persuasive than Dr. Mukkamala's opinion. The Office of Judges noted that Dr. Patel found that Mr. Smith had active radiculopathy at C5-6, which needed to be resolved. The Office of Judges acknowledged that there was evidence of degenerative changes in Mr. Smith's cervical spine. The Office of Judges, nevertheless, found that Dr. Patel believed that Mr. Smith's current symptoms were related to his compensable injury. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Smith has demonstrated that the requested cervical spine MRI and whole body scan are medically related and reasonably required to treat his compensable injury. Dr. Patel's report causally related the requested scans to Mr. Smith's neck injury and justifies the need for the tests. Dr. Patel adequately responded to Dr. Mukkamala's objections to the MRI and whole body bone scan. Dr. Mukkamala's objections are not sufficient considering that the degenerative condition in Mr. Smith's cervical spine was asymptomatic prior to the compensable injury. Dr. Patel's report is consistent with the remainder of the record and supports authorizing the requested scans.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:**   **April 14, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II